UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **WILLIAM LAMBERT,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**DIVERSIFIED CONSULTANTS, INC.; and DOE 1-5**<br><br>    **Defendants.** | Civil Action No. _____ |

**COMPLAINT**
**(Jury Trial Demanded)**

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court exercises jurisdiction under 15 U.S.C. 1692k and 28 U.S.C. 1331. This District is of proper venue as Plaintiff is a resident within this District and Defendants engaged in the activities herein alleged against Plaintiff while Plaintiff so resided.

1

## PARTIES

3.      Plaintiff, WILLIAM LAMBERT (hereinafter "Plaintiff" or "Mr. Lambert"), is a natural person residing in Atmore, Alabama.  Defendant, DIVERSIFIED CONSULTANTS, INC., (hereinafter "Defendant") is a corporation believed to maintain its principle place of business at 10550 Deerwood Park Blvd. Suite 309 in Jacksonville, Florida.  Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOE 1-5, and therefore sues these defendants by such fictitious names.  Plaintiff will amend this Complaint to allege the true names and capacities once ascertained.  Plaintiff believes and thereon alleges that the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that such defendants are responsible to Plaintiff for damages and or monies owed.  Defendants DIVERSIFIED CONSULTANTS, INC. and DOE 1-5 shall be jointly referred to as "Defendants" herein.

4.      Defendants regularly operate as third-party debt collector and are "debt collectors" as defined in 15 U.S.C. 1692a.

## FACTUAL ALLEGATIONS

5.      In approximately August of 2012 Defendants began contacting Mr. Lambert on his home telephone number in an attempt to collect a consumer debt alleged owed by Mr. Lambert.

6.      Defendants called Mr. Lambert approximately 40-times between August and November 2012.  Mr. Lambert and his wife did discuss the alleged debt with Defendants on several occasions.  In early November 2012 Defendants discussed the debt with Mr. Lambert's wife and demanded payment under the threat that they would report the debt to the credit

bureaus.  On November 13, 2012, Mr. Lambert sent a letter to Defendants requesting that they cease contacting him.

7. Despite Mr. Lambert's written request that Defendants stop calling him, Defendants continued to call Mr. Lambert repeatedly.

8. Defendants called Mr. Lambert up to 7 times per day through January 2, 2013, with 27 calls having been placed between November 8 and November 28, 2012 alone.

9. Mr. Lambert, increasingly harassed by Defendants' grossly excessive calls, obtained representation with Centennial Law Offices.

10. As a direct result of the collection activity herein alleged, Mr. Lambert has incurred legal fees of $2,255.00.

## CAUSES OF ACTION

### COUNT I

11. Plaintiff re-alleges paragraphs 1 through 10, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants violated 15 U.S.C. 1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

### COUNT II

12. Plaintiff re-alleges paragraphs 1 through 10, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and

herein alleges that Defendants violated 15 U.S.C. 1692c(c) by continuing to call him after he notified Defendants in writing of his desire that they cease further communication with him.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, recovery for each cause of action in the alternative, as follows:

1.) For statutory damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(2);

2.) For $2,255.00 in legal fees incurred in responding to unlawful collection activity;

3.) For prejudgment interest in an amount to be proved at time of trial;

4.) For attorney's fees pursuant to 15 U.S.C. 1692(k);

5.) For the costs of this lawsuit; and

6.) For any other and further relief that the court considers proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Date:  October 14, 2013

        s/Robert Amador
        Robert Amador, Esq. (CA State Bar 269168)
        Attorney for Plaintiff William Lambert
        Centennial Law Offices
        9452 Telephone Rd. 156
        Ventura, CA. 93004
        (888)308-1119 ext. 11
        (888) 535-8267 fax
        R.Amador@centenniallawoffices.com